IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| JUAN JOSE PEREZ-PEREZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **ORDER**<br><br>Case No.: 2:07-CV-793<br><br>Judge Dee Benson |

Before the Court is Petitioner Juan Jose Perez-Perez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Mr Perez-Perez contends that he plead guilty based upon the promises of his attorney that he would receive a sentence of one-year and one-day, which would give him the opportunity to earn good-time, and that he would receive credit for the time he had already served in federal custody.  Mr. Perez-Perez argues that because he has received neither good-time nor credit for time served, his guilty plea was unlawfully induced and he was denied effective assistance of counsel in violation of the United States Constitution.

When Mr. Perez-Perez's motion is examined closely, it appears that what he is really challenging is the execution of his sentence – i.e. that he has not properly received good-time and credit for time served – rather than the imposition of his sentence.  Petitions which attack the execution of a sentence, rather than its underlying validity, are properly brought against the petitioner's custodian and brought pursuant to 28 U.S.C. § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Although a petition under 28 U.S.C. § 2255 is properly brought in the district where the challenged sentence was imposed, a petition under 28 U.S.C. § 2241

must be filed in the district where the petitioner is confined.  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  To the extent, therefore, that Mr. Perez-Perez is challenging the execution of his sentence, this Court lacks jurisdiction over his petition and, pursuant to 28 U.S.C. § 1631, transfers the case to the United States District Court for the Eastern District of California, in which Mr. Perez-Perez is incarcerated.

With regard to Mr. Perez-Perez's claims of ineffective assistance of counsel and an unlawfully induced guilty plea, the Court finds that both of these claims fail.  To prevail on a claim of ineffective assistance of counsel, Mr. Perez-Perez must show that his attorney's performance was so deficient that it resulted in prejudice to Mr. Perez-Perez's defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This, Mr. Perez-Perez cannot do.  On December 21, 2006, Mr. Perez-Perez was sentenced to a term of imprisonment of one-year and one-day, as his attorney predicted, making him eligible to receive good-time.  Additionally, it was not unreasonable to anticipate that Mr. Perez-Perez would likely receive credit for the time he had already served in federal custody.  The performance of Mr. Perez-Perez's counsel, therefore, was neither deficient nor prejudicial to Mr. Perez-Perez's defense.

Mr. Perez-Perez's claim that his guilty plea was unlawfully induced fails for similar reasons.  As stated above, the sentence Mr. Perez-Perez received was the exact sentence his counsel predicted he would receive.  Furthermore, in his statement in advance of plea, Mr. Perez-Perez explicitly acknowledged that the sentence imposed by the Court might be different from any calculation he or his attorney made, and would not be grounds for Mr. Perez-Perez to either withdraw his plea or appeal his sentence.  *United States v. Perez-Perez*, Case No. 2:05-

CR-864, Dkt. No. 16, ¶¶ 3 and 10.  Accordingly, Mr. Perez-Perez's motion under 28 U.S.C. § 2255 is DENIED.

## Conclusion

For the foregoing reasons, Mr. Perez-Perez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  To the extent, however, that Mr. Perez-Perez is challenging the execution of his sentence, this Court lacks jurisdiction over his petition and, pursuant to 28 U.S.C. § 1631, transfers the case to the United States District Court for the Eastern District of California, in which Mr. Perez-Perez is incarcerated.

**IT IS SO ORDERED**

DATED this 21st day of February, 2008.

Dee Benson
United States District Judge